**Craig Kyle Hemphill**
Lead Attorneys for Plaintiffs
CKH LEGAL
State Bar of Texas No. 24027012
5090 Richmond Avenue, No. 316
Houston, Texas 77056
TEL:   (713) 240-6300
FAX:   (888) 422-2141
Email: craig.ckhlegal@outlook.com

**John L. Green**
Of Counsel for Plaintiffs
Law Offices of John L. Green, CPA
State Bar of Texas No. 00784165
4888 Loop Central Drive, Suite 445
Houston, Texas 77081
TEL: (713) 660-7400
FAX: (713) 660-9921
Email: jlgreen488@aol.com

(Additional counsel on signature page)

**Marc Hersh Richman (Application for Admission
to the Southern District of Texas Pending)**
Of Counsel for Plaintiffs
Law Offices of Marc H. Richman
State Bar of Texas No. 16878000
304 South Record Street, Suite 200
Legal Arts Center
Dallas, Texas 75202
TEL: (214) 742-3133
FAX: (214) 939-3759
Email: mrichman@marcrichman.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JULIETTE ANN WILTZ,<br>ANTHONY SABASTIAN PITARRA, and<br>RITA JOYCE PITARRA<br>Texas consumers, individually and<br>on behalf of all others,<br><br>     Plaintiffs,<br><br>v.<br><br><br>EQUIFAX, INC.,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>and EQUIFAX CONSUMER SERVICES, LLC<br>a/k/a EQUIFAX PERSONAL SOLUTIONS<br>a/k/a PSOL et. al<br><br>jointly and severally<br><br>     Defendants. | CIVIL ACTION NO. _____<br><br><br><br>CLASS ACTION<br>ALLEGATION COMPLAINT<br><br>Negligence<br><br>28 U.S.C. § 1332<br><br>       JURY TRIAL |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs JULIETTE ANN WILTZ, ANTHONY SABASTIAN PITARRA, and RITA JOYCE PITARRA (collectively "plaintiffs"), by and through their attorneys, complain against EQUIFAX, INC. ("Equifax") and its subsidiaries and affiliates, Equifax Information Services, LLC, and Equifax Consumer Services, LLC a/k/a Equifax Personal Solutions a/k/a PSOL (collectively "defendants"), and alleges as follows:

## I.
## PARTIES

1. Juliette Ann Wiltz is an individual residing in Houston, Harris County, Texas. Anthony Sabastian Pitarra is an individual residing in Cypress, Harris County, Texas. Rita Joyce Pitarra is an individual residing in Cypress, Harris County, Texas.

2. Equifax, Inc. is a multi-billion-dollar Georgia corporation that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various subsidiaries and affiliates including Equifax Information Services, LLC, and Equifax Consumer Services, LLC a/k/a Equifax Personal Solutions a/k/a PSOL. Each of these entities acted as agents of Equifax or in the alternative, acted in concert with Equifax as alleged in this Complaint.

## II.
## JURISDICTION
## AND VENUE

3. The Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds that of the $5,000,000.00 and plaintiffs seek not less than $10,000,000.00 to upward to Tens-of-Billions of Dollars, exclusive of penalties.

4. Venue is proper in this district under 28 U.S.C. §1391 because a bulk of Texas

consumers with credit and personal information stored by Equifax live in the Houston, Harris County area.

## III.
## BACKGROUND AND FACTUAL ALLEGATIONS

5. Plaintiffs file this Complaint as a national class action on behalf of over 140-million consumers across the Country harmed by defendants' failure to adequately protect plaintiffs' credit and personal information. This Complaint requests that defendants, jointly and severally, provide fair compensation in an amount that will ensure every consumer harmed by their data breach will not bear out-of-pocket for the costs of independent third-party credit repair and identity or credit monitoring services. This Complaint's allegations are based on personal knowledge as to plaintiffs' conduct and made on information and belief as to the acts of others.

6. Throughout the past year, defendants collected and stored personal and credit information from plaintiffs, including their social security numbers, birth dates, home addresses, driver's license information, credit card numbers, and personally identifying information.

7. Defendants owed a legal duty to consumers like plaintiffs to use reasonable care to protect their credit and personal information from unauthorized access by third parties.

8. Defendants knew that their failure to protect plaintiffs' credit and personal information from unauthorized access would cause serious risks of credit harm and identify theft—including the potential for false criminal charges—for years to come.

9. Defendants negligently failed to maintain adequate technological safeguards to protect plaintiffs' information from unauthorized access by hackers—solely based on a decision to increase defendants' profits. Defendants knew and/or should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach.

10. Defendants could have and should have substantially increased the amount of money

spent to protect against cyber-attacks but negligently chose to do otherwise.

11. Consumers like plaintiffs should not have to bear the expense caused by defendants' negligent failure to safeguard their credit and personal information from cyber-attackers. As a direct result of defendants' negligence as alleged in this complaint, plaintiffs suffered out-of-pocket injury of $20.00 in monthly subscriptions for annual costs of approximately $500.00 to pay for third-party credit and identity theft monitoring services for which they otherwise would not have had to pay to protect their credit integrity and identities.

12. Consumers similar situated as plaintiffs and plaintiffs seek to redress their dire situation concerning a preventable and sad data breach—through this lawsuit—to assure that Equifax and companies in the credit reporting industry implement adequate safeguards to protect against this type of cyber-attack in the future.

## IV.
## CLASS ALLEGATIONS

13. Plaintiffs file this Complaint as a national class action lawsuit. The Texas class consists of Texas consumers who (1) Had personal or credit data collected and stored by defendants in the past year, and (2) Who were subject to risk of data loss, credit harm, identity theft, or who suffered an out-of-pocket injury to pay for third-party credit and identity theft monitoring services because of defendants' negligent acts that allowed a data breach from on or around May 2017 to July 2017.

14. Excluded from the class are all attorneys for the class and officers and members of defendants'—including officers and members of any entity or affiliate with an ownership interest in Equifax, any judge who sits on this case, and all jurors and alternate jurors who sit on the case.

15. The exact number of aggrieved consumers in Texas can be determined based on defendants' consumer database, estimated at 13,000,000 consumers – around 50% of the

population of Texas.

16. Every aggrieved Texas consumer suffered injuries as alleged in this Complaint directly and proximately caused by defendants' negligent failure to adequately protect their database from unauthorized access by third-party hackers.

17. The class is so numerous that joinder is impracticable. Upon information and belief, the Texas class alone includes millions of consumers based on Equifax's estimate that its data breach affected 143-million consumers nationwide.

18. Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether: (a) plaintiffs and the Texas class members are entitled to equitable relief; (b) defendants acted negligently; and (c) plaintiffs and the Texas class members are entitled to recover money damages.

19. Plaintiffs' claims are typical of the claims of the Texas class because each suffered (i) risk of loss and credit harm and (ii) identity theft caused by defendants' negligent failure to safeguard their data.

20. The injuries suffered by plaintiffs and the Texas class members are identical. These include: One, the costs to monitor, repair, and protect them from identity theft through a third-party credit monitoring and identity theft service or vendor providers for a minimum 36-months and two, plaintiffs' claims for relief based upon the same legal theories as are the claims of the other class members.

21. Plaintiffs will fairly and adequately protect and represent the interests of the class because their claims are typical of the claims of the Texas class, they are represented by capable and respected attorneys who have experience with class action suits, large law firm litigation, and federal clerkships to handle class action litigation, as well as consumer protection cases.

Plaintiffs' counsels will vigorously prosecute this litigation, their interests are not antagonistic, nor in conflict with the interests of the Texas class.

22. A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiffs know, no class action that purports to include Texas consumers suffering the same injury has been commenced in Texas prior to this suit—although based on jurisdiction—plaintiffs' counsels are concurrently filing suit in the Southern District of Texas (the affected class is split evenly between the Northern and Southern District of Texas), individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiffs and their attorneys will vigorously pursue the claims.

23. The forum is desirable because at least 50% of the bulk of consumers in Texas who suffered injury caused by defendants' negligence reside in the Houston, Harris County area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by defendants.

24. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

**V.**
**COUNT ONE**
**NEGLIGENCE**

25. Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

26. As alleged in this Complaint, defendants undertook care of credit and personal

information belonging to plaintiffs and the Texas putative class, then breached their legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss, credit harm, identity theft, and other economic losses, in amounts to be decided by a jury.

27. Plaintiffs and the Texas class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and unless agreed upon by defendants, an order to preserve all documents and information—electronically stored or otherwise—pertaining to this case.

## VI.
## DEMAND FOR JURY

28. Plaintiffs request a jury to hear the matter.

## VII.
## PRAYER FOR RELIEF

29. Plaintiffs seek relief for themselves and the proposed Texas class as follows:

    A. Unless agreed upon by defendants—electronically stored or otherwise— pertaining to this case;

    B. An order certifying this matter as a class action;

    C. Judgment against defendants, jointly and severally, for fair compensation in an amount to be decided by the jury;

    D. Prejudgment and post-judgment interest;

    E. Court costs;

    F.  Attorney fees in an amount to be decided by the jury; and

    G. Other relief the Court deems necessary.

Dated: September 14, 2017

Respectfully submitted,

**CKH LEGAL**

_____
Craig Kyle Hemphill
State Bar of Texas No. 24027012
5090 Richmond Avenue, No. 316
Houston, Texas 77056
TEL:   (713) 240-6300
FAX:   (888) 422-2141
Email: craig.ckhlegal@outlook.com
**LEAD ATTORNEY FOR PLANTIFFS**

**LAW OFFICES OF**
**MARC H. RICHMAN**

_/s/ Marc H. Richman_____
Marc Hersh Richman (Application for Southern District Pending)
State Bar of Texas No. 16878000
304 South Record Street, Suite 200
Legal Arts Center
Dallas, Texas 75202
TEL: (214) 742-3133
FAX: (214) 939-3759
Email: mrichman@marcrichman.com
**OF COUNSEL FOR PLAINTIFFS**

_/s/ David M. Murphy_____ David
M. Murphy
Law Offices of Murphy & Associates, PLLC
Texas Bar No. 24092877
Email: dmurphy@murphyslawpllc.com
25511 Budde Road, No. 1901
The Woodlands, Texas 77380
TEL: (281) 475-2022
FAX: (281) 475-2025
**OF COUNSEL FOR PLAINTIFFS**


**LAW OFFICES OF JOHN L. GREEN, CPA**


_**/s/** _ John L. Green_____
John L. Green
State Bar of Texas No. 00784165
4888 Loop Central Drive, Suite 445
Houston, Texas 77081
TEL: (713) 660-7400
FAX: (713) 660-9921
Email: jlgreen488@aol.com
**OF COUNSEL FOR PLAINTIFFS**